ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRUCE WAYNE WORTHY, #912272,<br>Petitioner, | )<br>)<br>) |
| v. | )  3:05-CV-0216-L |
| | ) |
| DOUGLAS DRETKE, Director, Texas<br>Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | )<br>)<br>)<br>) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a petition for habeas corpus relief brought by a state inmate pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined at the Terrell Unit the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) in Rosharon, Texas. Respondent is the Director of TDCJ-CID. No process has been issued in this case. However, on February 17, 2005, the magistrate judge ordered Petitioner to show cause whether he was in custody on the conviction at issue in this case, and whether his petition was timely filed. On March 11, 2005, Petitioner filed his response.

Statement of Case: On March 18, 1994, Petitioner pled guilty to unlawful possession of a

controlled substance under 28 grams in the 282 Judicial District court of Dallas County, Texas, Cause No. F94-50762. Punishment was assessed at four years imprisonment. (Petition (Pet.) at 2). Petitioner did not file a direct appeal. In July 2003, he filed a state habeas application pursuant to art. 11.07, Texas Code of Criminal Procedure, challenging the voluntariness of his guilty plea and the effective assistance of counsel in F94-50772. On March 2, 2005, the Texas Court of Criminal Appeals denied the application without a written order. Ex parte Worthy, No. 51,803-12, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=233070.[1]

In the instant habeas action, Petitioner seeks to challenge his 1994 conviction on the ground that it was used to enhance his current sentence in F99-02448. (Pet. ¶ 20 and Petitioner's Response at 1 and 3). He alleges his guilty plea in the 1994 case was involuntary, counsel rendered ineffective assistance, and the evidence was neither tested nor weighed. (Pet. ¶ 20).

Findings and Conclusions: The court must first examine whether it has jurisdiction in this case. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001).

A federal court may consider a writ of habeas corpus only "on behalf of a person in

---

[1] Petitioner filed a prior § 2254 petition challenging his 1994 conviction for unlawful possession of a controlled substance. See Worthy v. Cockrell, 3:03cv1408-G (N.D. Tex., Dallas Div., July 16, 2003) (dismissed without prejudice for failure to exhaust state court remedies).

2

custody . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner satisfies the "in custody" requirement, when the challenged conviction has not fully expired at the time he/she files a petition under § 2254. See Carafas v. Lavallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968). A petitioner is not "in custody" for a particular conviction when he or she "suffers no present restraint" from the challenged conviction. Maleng v. Cook, 490 U.S. 488, 492, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989). "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Id.

In this instance, Petitioner is not in custody on his 1994 conviction for unlawful possession of a controlled substance. The four-year sentence for that conviction has fully expired. Petitioner concedes as much. (Petitioner's Response at 4). Having fully served his four-year sentence, Petitioner is no longer "in custody" such that he can challenge that conviction. As a result he cannot bring a federal habeas action based solely on his 1994 conviction. See Maleng, 490 U.S. at 493.

In Maleng, 490 U.S. at 493-94, and Lackawanna County District Attorney v. Coss, 532 U.S. 394, 401-02, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001), the Supreme Court acknowledged that because a § 2254 petition could be construed as asserting a challenge on a current sentence, as enhanced by an allegedly invalid prior conviction, a petitioner could satisfy the "in custody" requirement for federal habeas jurisdiction despite the full expiration of his sentence.

Petitioner claims that his 1994 conviction was improperly used to enhance punishment in his present conviction, No. F99-02448. (Petitioner's Response at 1-3, and Pet. at 7 at A-B). The

3

court declines to exercise its discretion and construe Petitioner's claims as a challenge to the 1999 conviction. The District Court would lack jurisdiction over a petition challenging the 1999 Dallas County conviction because Petitioner previously challenged that conviction in this court, which in turn denied it on the merits. See Worthy v. Dretke, 3:02cv1704-G, consolidated with 3:02cv1705-G (N.D. Tex., Dallas Div. Mar. 19, 2004) (adopting findings, conclusions and recommendation of Magistrate Judge Kaplan). As a result, Petitioner would first need to seek leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A). See In re Epps, 127 F.3d 364 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals). Unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file a second or successive habeas petition with respect to his 1999 conviction in Cause No. F99-02448, this court lacks jurisdiction to consider any petition challenging either of or both of his 1999 convictions and any prior conviction used for enhancement purposes. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999); United States v. Key, 205 F.3d 773, 774 (5th Cir. 2000).[2]

---

[2] Relying on Dilworth v. Johnson, 215 F.3d 497 (5th Cir. 2000), Petitioner asserts that the present petition is timely filed. (Petitioner's Response at 3). Having concluded that any challenge to his 1999 conviction as enhanced by his 1994 conviction would be second or successive, the magistrate judge need not reach the statute of limitations issue.

During the last several years Petitioner has filed numerous habeas actions in this court, asserting new challenges with respect to his 1999 convictions, for which he is presently serving twenty-five-year concurrent sentences (See Nos. F99-02448 and F99-02449, 1999 convictions for unlawful possession of a firearm by a felon and DWI from the 283rd Judicial District Court of Dallas County), and with respect to prior convictions used for enhancement purposes (1978 Milam County conviction in No. 15,692; 1992 DWI conviction from 282nd Judicial District Court of Dallas County in No. F92-61018-S; and 1994 conviction for unlawful possession of a controlled substance from 282nd Judicial District Court of Dallas County in No. F94-50762).

A summary of these prior actions follows:

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court dismiss the petition for a writ of habeas corpus for want of jurisdiction.

The clerk will mail a copy of this recommendation to Petitioner.

                                            *[signature]*
                                          WM. F. SANDERSON, JR.
                                          UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this

---

(1) <u>Worthy v. Dretke</u>, 3:05cv0569-L (challenging 1999 convictions from Dallas County), presently referred to Magistrate Judge Stickney for report and recommendation.

(2) <u>Worthy v. Dretke</u>, 3:04cv2755-H (challenging 1978 conviction from Milam County) dismissed for want of jurisdiction for failing to meet the in custody requirement;

(3) <u>Worthy v. Dretke</u>, 3:04cv2367-P (challenging 1999 convictions from Dallas County), dismissed for failure to exhaust because state applications pursuant to art. 11.07 were pending before the Texas Court of Criminal Appeals. The findings cautioned Petitioner that a second or successive habeas petition must be certified by a panel of the Fifth Circuit Court of Appeals before it can be heard in the district court.

(4) <u>Worthy v. Cockrell</u>, 3:03cv1408-G (challenging 1994 conviction from Dallas County), dismissed without prejudice for failure to exhaust state court remedies on July 16, 2003.

(5) <u>Worthy v. Cockrell</u>, 3:03cv1409-R (challenging Hays County conviction) transferred to the Western District of Texas.

(6) <u>Worthy v. Cockrell</u>, 3:03cv1331-H (challenging 1992 DWI conviction from Dallas County No. F92-61018-S) dismissed for want of jurisdiction for failing to meet in custody requirement.

(7) <u>Worthy v. Cockrell</u>, 3:03cv1231-L (challenging 1978 conviction from Milam County) dismissed for want of jurisdiction for failing to meet in custody requirement.

(8) <u>Worthy v. Dretke</u>, 3:02cv1704-G, consolidated with 3:02cv1705-G (challenging 1999 convictions from Dallas County), denied on merits.

recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n,</u> 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.